IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES M. REYNOLDS, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:12-cv-4571-N-BN |
| | § | |
| PARKLAND MEMORIAL HOSPITAL AND DOCTORS, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation:

**Background**

Mildred Reynolds ("Plaintiff"), on behalf of herself, her deceased husband, James M. Reynolds ("Reynolds"), and their son, Derrick S. Reynolds, brings this *pro se* civil action alleging various acts of wrongdoing in connection with the medical care of Reynolds. On November 13, 2012, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by Plaintiff in her pauper's affidavit indicates that she lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to

Plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on December 10, 2012.

Plaintiff alleges that Reynolds received deficient care for his pneumonia and related health problems when he was treated at Baylor Hospital, Parkland Hospital, and Kindred Hospital in November 2010. As best the Court understands her allegations, Plaintiff states that Reynolds was admitted to Baylor Hospital with pneumonia. *See* Dkt. No. 3 at 2-3. During his treatment at Baylor, Dr. Miner and other hospital officials did not listen to Reynolds or his family and would not allow Reynolds to be released. *See* Dkt. No. 9 at Question 3. Instead, Dr. Miner referred him to Kindred Hospital for rehabilitation. *See id.*; *see also* Dkt. No. 3 at 2-3. At Kindred Hospital, the medical director, two doctors, and an unspecified number of nurses refused to allow Reynolds' release and made medical decisions without consulting Reynolds or his family, which included prescribing "medicine that he shouldn't have been given[,]" conducting unnecessary surgeries, and charging his health insurance company over one million dollars. *See* Dkt. No. 3 at 2; *see also* Dkt. No. 9 at Questions 2, 3, 10. Reynolds was then admitted to Parkland Hospital, where multiple doctors refused to meet with Reynolds' family, made the decision to withhold life support without consulting the family, and made "inappropriate" medical decisions that resulted in his death. *See* Dkt. No. 3 at 1; *see also* Dkt. No. 9 at Question 9. By this lawsuit, Plaintiff requests unspecified damages.

The Court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## Legal standards

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (I)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, the

plaintiff must allege more than labels and conclusions, and, while a court must accept all of the Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Id.*

## Analysis

Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed. Plaintiff appears to sue defendants for medical negligence and unspecified civil rights violations pursuant to Section 1983. *See* Dkt. No. 3 at 8-10; Dkt. No. 9 at Questions 8-10. In order to state a claim under Section 1983, a plaintiff must allege both (1) that he was deprived of a right secured by the Constitution or laws of the United States and (2) that the deprivation was caused by one acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Initially, Plaintiff cannot recover damages under Section 1983 against Baylor or Kindred Hospitals or their employees, because that statute affords redress only for conduct committed by a person or entity acting under color of state law – it does not ordinarily involve conduct of a private citizen or corporation. *Scott v. Moore*, 85 F.3d 230, 233 (5th Cir. 1996); *see also Tawe v. Unknown Psychiatrist,* No. 3:11-cv-1016-M-BK, 2011 WL 2292293, at *1 (N.D. Tex. May 25, 2011), *rec. adopted*, 2011 WL 2292272 (N.D. Tex. June 8, 2011) (summarily dismissing civil rights claims against Baylor Medical Center and its employee). The conduct of Baylor and Kindred and their employees did not occur under color of state law.

Although Parkland Hospital is a governmental entity, Plaintiff has not alleged any constitutional violation committed by this defendant or its employees. At the time of Reynolds' medical treatment, he was not an inmate. Therefore, he had no "special relationship" to the state sufficient to establish a constitutional right to medical care. *See, e.g., Kinzie v. Dallas County Hosp. Dist.*, 106 F. App'x 192, 195 (5th Cir. 2003) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). Without a special relationship, Parkland and its employees "had no constitutional duty to protect" Reynolds, "and the question of [any] alleged deliberate indifference is simply immaterial." *Doe ex rel. Magee v. Covington County School Dist. ex rel. Keys*, 675 F.3d 849, 863 (5th Cir. 2012) (en banc); *see also id.* at 862 ("An allegation of deliberate indifference may be sufficient to *violate* a constitutional duty, but it is not sufficient to *create* the constitutional duty.").

Further, Plaintiffs' allegations against Parkland and all other defendants amount, at most, only to a claim for medical negligence, which cannot be remedied in a federal lawsuit under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 332-33 (1986) (due process claims not implicated by state official's negligence); *Fenlon v. Quarterman*, 350 F. App'x 931, 934 (5th Cir. 2009) ("Mere medical negligence does not give rise to a § 1983 claim[.]"); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (malpractice or negligent care does not rise to the level of a constitutional violation). Accordingly, all such claims should be dismissed. To the extent that Plaintiff seeks compensation for the negligence of the Defendants or similar wrongdoing in connection with Reynolds' medical care, she has failed to state a claim that may be remedied in

federal court. *See, e.g., Kinzie*, 106 F. App'x at 194(claims of "recklessness" and "indifference" in failing to screen donated blood for HIV are basically "'fairly typical state-law tort claim[s]'" for negligence that were correctly dismissed for failure to state a claim (quoting *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 128 (1992))). Therefore, her negligence claims should be dismissed without prejudice to her filing them in state court.

In any case, to establish an Eighth Amendment violation, a plaintiff must establish "deliberate indifference" to his "serious medical needs," constituting an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks and citation omitted). This, in turn, requires proof that the hospital staff was subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). "Deliberate indifference is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks omitted). To show deliberate indifference, a plaintiff must submit evidence that officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. *Id.* (internal quotation marks omitted). "Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference." *Id.* Nor does disagreement with medical treatment constitute deliberate indifference. *See Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Gobert*, 463 F.3d at 346 ("Furthermore, the

decision whether to provide additional treatment is a classic example of a matter for medical judgment." (internal quotation marks omitted)); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997) ("Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs."). Plaintiff's allegations, at bottom, amount to strong disagreements with the decisions of the health care professionals who treated Reynolds and complaints that Plaintiff and her son did not have a greater role in those decisions. They cannot meet the "extremely high" deliberate indifference standard.

Finally, Plaintiff and her son may not seek relief under Section 1983 based on the Defendants' alleged failures to comply with state laws concerning powers of attorney absent a corresponding violation of federal law. *See West*, 487 U.S. at 48. Violation of state law does not constitute a constitutional violation or violation of a federal law. *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005) (noting that "a violation of a state statute alone is not cognizable under § 1983 because § 1983 is only a remedy for violations of federal statutory and constitutional rights").

## Recommendation

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be

specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 28, 2012

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE